**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| ISIDRO COBOS, | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | No. 4:21-CV-72-DC |
| | § | |
| BLUEFIN WATER SOLUTIONS, LLC, | § | |
| and ROBERT JUNIOR PESINA, | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Isidro Cobos, Plaintiff in the above-entitled cause, complaining of Bluefin Water Solutions, LLC, and Robert Junior Pesina, Defendants, and would respectfully show the Court as follows:

### I. PARTIES

1.      Plaintiff, Isidro Cobos, is an individual and citizen of the state of Texas.

2.      Upon information and belief, at all times material hereto, Defendant Bluefin Water Solutions, LLC, (Bluefin) is a company with its principal place of business in Oklahoma. Defendant Bluefin may be served with summons by serving its registered agent for service, Texan Registered Agent, LLC, at 5900 Barcones Drive, Suite 100, Austin, TX 78731.

3.      Upon information and belief, at all times material hereto, Defendant Robert Junior Pesina (Defendant Pesina), an individual and a citizen of the state of Oklahoma and may be served with summons at his last known residence located at 423 W Broadway St., Okeene, OK 73763 or wherever he may be found.

## II. JURISDICTION AND VENUE

4.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

5.     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the suit is between citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

6.     Venue is proper in the United States District Court, Western District of Texas Pecos Division pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV. FACTS

7.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

8.     Upon information and belief, on or about March 19, 2021, Defendant Pesina was working as an employee of Defendant Bluefin and was driving a pickup truck for Defendant Bluefin in Loving County, Texas.

9.     Defendant Pesina attempted to cross State Highway 302, failed to yield the right-of-way, and caused a crash with Plaintiff who was traveling east on SH 302.

10.     Defendant Pesina's and Defendant Bluefin's negligence proximately caused the collision, and the resulting injuries and damages sustained by Plaintiff in the collision.

## V. COUNT I - NEGLIGENCE

11.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

12.     Defendant Pesina was guilty of negligence in other respects including but not limited to the following:

        a.     In failing to yield the right-of-way;

        b.     In failing to keep a proper lookout;

        c.     In failing to watch the road;

        c.     In driving while inattentive;

        e.     In failing to timely apply his brakes;

        f.     In driving while distracted; and

        g.     In a vehicle in a careless manner.

13.     Each of the foregoing acts or omissions of Defendant Pesina, singularly or in combination with others, constituted negligence which was a proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

## VII. COUNT II –*RESPONDEAT SUPERIOR*

14.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

15.     Vicarious liability for Plaintiff's injuries and damages attaches to Defendant Bluefin through *respondeat superior* in the following respects:

        a.     Defendant Pesina was an employee of Defendant Bluefin at the time of the incident;

        b.     Defendant Pesina was working in the course and scope of his employment at the time of the incident;

        c.     Defendant Pesina was acting in furtherance of Defendant Bluefin's business at the time of the incident;

d.  Defendant Pesina was working for the accomplishment of the object for which he was hired; and

e.  Defendant Pesina's negligence is a proximate cause of Plaintiff's injuries and damages.

## VIII. COUNT III—Negligent Entrustment, Hiring, Supervision, Training and Retention

16.  The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

17.  Upon information and belief, the pickup driven by Defendant Pesina was leased by Defendant Bluefin and was negligently entrusted to Defendant Pesina.

18.  Defendant Bluefin is responsible for the hiring, supervision, training, and retention of its employees to assure the proper execution of their duties, including driving.

19.  Defendant Bluefin had a duty of care to hire, supervise and train its employees to drive in a reasonable and safe manner.

20.  Defendant Bluefin breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising, training, and retaining Defendant Pesina for the duties which Defendant Bluefin could foresee and expect Defendant Pesina to perform in the course of his employment.

21.  As a direct and proximate result of Defendant Bluefin's negligence, as set forth above, Plaintiff has suffered injuries and damages in an amount to be proved at trial.

## IX.    GROSS NEGLIGENCE

22.  The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

23.  The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendants guilty of gross negligence. Defendants' acts of negligence when viewed

objectively from the standpoint of Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff. The gross negligence of Defendants was a proximate cause of the collision and of the injuries and damages suffered by Plaintiff. As a result of Defendants' gross negligence, Plaintiff seeks and is entitled to an award of exemplary damages.

24.     Furthermore, Defendant Bluefin's employees, officers, principals and/or vice-principals, including Defendant Pesina, were acting in the scope and course of their employment, and they had sufficient discretionary authority to speak and act for Defendant Bluefin with regard to the conduct at issue, independent of higher authority and were therefore, acting with managerial capacity.

25.     Defendant Bluefin further authorized, participated in or ratified the conduct of its employees, officers, principals and/or vice-principals. Therefore, Defendant Bluefin is vicariously liable for punitive damages based upon its authorization, participation, and/or ratification of the conduct of its employees, officers, principals and vice-principals, including Defendant Pesina.

26.     Each of the foregoing acts or omissions, singularly or in combination with others, was a proximate cause of the above-referenced occurrence and Plaintiff's injuries and damages.

## X. DAMAGES

27.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

28.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages and personal injuries and, as provided by Texas law, is entitled to recover for those damages. Plaintiff has suffered damages as follows:

     a.      Physical pain sustained in the past;

     b.      Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

     c.      Mental anguish sustained in the past;

     d.      Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

     e.      Physical impairment sustained in the past;

     f.      Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

     g.      Loss of wage earning capacity in the past;

     h.      Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

     i.      Medical care expenses sustained in the past;

     j.      Medical care expenses that, in reasonable probability, Plaintiff will require in the future;

     k.      Disfigurement sustained in the past; and

     l.      Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

## XI.    PRAYER

29.    The allegations of the preceding and succeeding paragraphs are incorporated herein by reference for all purposes.

30.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Defendants be cited to appear and answer and that upon final trial by jury, Plaintiff recover against Defendants the following:

     a.   past and future damages as set forth above;

     b.   exemplary damages;

     c.   court costs;

     d.   pre-judgment and post-judgment interest at the highest rate allowed by law; and

e.   for such other relief, at law or at equity to which Plaintiff may show himself entitled.

Respectfully submitted,

GLASHEEN, VALLES & INDERMAN, L.L.P.
1302 Texas Avenue (79401)
P.O. Box 1976
Lubbock, TX. 79408
Tel: (806) 776-1354
Fax: (806) 329-0594
Email: efile.pedro.leyva@gvilaw.com


*/s/ Pedro Leyva*_____
Pedro Leyva
State Bar No. 24100681

**ATTORNEYS FOR PLAINTIFF**