IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **ISIDRO COBOS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **PE:21-CV-00072-DC-DF** |
| | § | |
| **BLUEFIN WATER SOLUTIONS, LLC,** | § | |
| **AND ROBERT JUNIOR PESINA,** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendants Bluefin Water Solutions, LLC ("Defendant Bluefin")

and Robert Junior Pesina ("Defendant Pesina") (together, "Defendants") Second Rule 12(b)(6)

Motion to Dismiss (hereafter, "Second Motion to Dismiss") (Doc. 10), and Alternative Rule 12(e)

Motion for More Definite Statement (hereafter, "Motion for MDS") (Doc. 10). This matter is before

the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28

U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States

Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Defendants'

Motion for MDS be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 10). Additionally, the

undersigned **RECOMMENDS** that Defendants' Second Motion to Dismiss be **GRANTED**. (Doc.

10).

## I. BACKGROUND

This case's genesis is a motor vehicle collision. Plaintiff Isidro Cobos ("Plaintiff") alleges

that, on or around March 19, 2021, Defendant Pesina was "driving a pickup truck" in Loving County,

Texas, as part of his employment with Defendant Bluefin. (Doc. 9 at 2). At some point while driving,

Defendant Pesina allegedly "failed to yield the right-of-way" while attempting to cross Texas State

Highway 302, colliding with Plaintiff. *Id.* Plaintiff asserts that Defendants were negligent, and that their negligence, consisting of Defendant Bluefin's both vicarious as well as direct negligence, caused the collision which led to Plaintiff suffering injuries and damages. *Id.* On August 31, 2021, Plaintiff filed his Original Complaint with this Court, invoking the Court's diversity jurisdiction. (*See* Doc. 1). Defendants filed an initial Motion to Dismiss on September 27, 2021. (*See* Doc. 7). On October 13, 2021, Plaintiff filed an Amended Complaint, which thereafter resulted in the original Motion to Dismiss becoming moot. (*See* Doc. 9).

On October 18, 2021, Defendants filed their Second Motion to Dismiss and Motion for MDS. (Doc. 10). With regards to the Second Motion to Dismiss, Defendants assert that the elements of Plaintiff's derivative[1] claims—negligent entrustment, negligent hiring, negligent retention, negligent training, and negligent supervision—were insufficiently pleaded and should be dismissed under Federal Rule 12(b)(6). *See id.* at 6–11. In Defendants' Motion for MDS, they argue that, to the extent that the Court does not dismiss Plaintiff's derivative claims, the Court should order Plaintiff to replead pursuant to Federal Rule 12(e). *See id.* at 12–15. Plaintiff filed a response to Defendants' motions[2] on November 1, 2021, claiming that his filings were sufficient and that he "makes clear" the allegations which Defendants seek to have Plaintiff replead. (*See* Doc. 14 at 4). On November 8, 2021, Defendants filed a Reply to the response, arguing that Plaintiff failed to demonstrate, why, *inter alia*, he did not describe his alleged physical injuries. (*See* Doc. 15 at 4–5). Accordingly, this matter is now ripe for disposition.

---

1. The term "derivative" refers to such theories as negligent entrustment, negligent training, negligent supervision, negligent hiring, and negligent retention under which an employer may be liable for the negligent acts or omissions of an employee if the employer itself engaged in certain negligent conduct. *See Bird v. W.C.W.*, 868 S.W.2d 767, 768 n.1 (Tex. 1994). These theories require negligent conduct by the employer, and therefore the employer's liability under these theories is not merely vicarious. *See id.* Typically, the viability of these derivative claims, while independent lawsuits, hinge on the employee's own liability. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296 (Tex. 2011).

2. This Report and Recommendation considers both motions concurrently, as the motions were filed in like fashion. *See Vaquero Permian Processing LLC v. Mieco LLC*, No. PE:21-CV-00050-DC-DF, 2022 U.S. Dist. LEXIS 8307, 2022 WL 174523 (W.D. Tex. Jan. 18, 2022) (addressing a unitary motion to dismiss and a motion to transfer).

## II. Legal Standard

### A. *Federal Rule 12(b)(6)*

When a defendant files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). The court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *See id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On the other hand, if the complaint only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is appropriate. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). The court should dismiss a complaint if the court can only infer the mere possibility of misconduct, or if the plaintiff has only alleged that he is entitled to relief rather than stating a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 570).

### B. *Federal Rule 12(e)*

Federal Rule of Civil Procedure 8 requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In a negligence cause of action, a plaintiff must provide enough information for the defendants to identify the duties allegedly breached and the damages claimed. *See Great Atlantic & Pacific Tea Co. v. Jones*, 294 F.2d 495, 497 (5th Cir. 1961). Alternatively, the plaintiff must provide sufficient information to exclaim the theories of negligence pursuant to which the plaintiff is suing

and to which defendants are to respond. *Garcia v. Excel Corp.*, 1995 U.S. App. LEXIS 43508, at *4, 4 n.4, 1995 WL 103350, at *2 (5th Cir. Mar. 1, 1995) (citing *Great Atlantic*, 294 F.2d 495).

If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal] Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985) ("In order to ensure sufficient specificity, district courts have a ready tool in the [Federal Rule] 12(e) motion for more definite statement."). Under Federal Rule 12(e), a defendant "must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede its ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 946 (N.D. Tex. 2014) (alteration and internal citations omitted).

If the court grants the defendant's Federal Rule 12(e) motion, the plaintiff is required to file a more definite statement clarifying any challenged ambiguities or otherwise "contain[ing] sufficient information to allow a responsive pleading to be framed." *Beanal v. Freeport-McMoran, Inc.* 197 F.3d 161, 164 (5th Cir. 1999); *see also Roque v. Jazz Casino Co.*, 338 F. App'x 402, 405 (5th Cir. 2010) (citing FED. R. CIV. P. 12(e)). The court is thus able to "insist that the plaintiff put forward specific, nonconclusory factual allegations" that, if taken as true, establish the elements of each of the plaintiff's claims. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (internal citation omitted). In any event, the court is afforded "sound and considered discretion" to grant or deny the motion for a more definite statement. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

### III. DISCUSSION

In the Second Motion to Dismiss, Defendants argue that dismissal of Plaintiff's "derivative theory" claims is proper under Federal Rule 12(b)(6) because the Amended Complaint "fails to plead facts in support of the various . . . claims." (Doc. 10 at 3). Plaintiff responds by characterizing the

Second Motion to Dismiss as "more like a summary judgment motion . . . as it asks Plaintiff to plead evidence that ordinarily is discovered through the discovery process." (Doc. 14 at 2). Defendants in their Reply argue that it is indeed Plaintiff's burden to allege facts, not just conclusions, only the former of which they believe the Amended Complaint has accomplished. (Doc. 15 at 3–5).

In the alternative, and to the extent that the Court does not dismiss all of the derivative theory claims, Defendants request in the Motion for MDS an order requiring Plaintiff to replead his derivative theory claims. (Doc. 10 at 15). Defendants believe that a more definite statement would be necessary for any derivative theories which may survive the Second Motion to Dismiss because Plaintiff's current allegations lack an assertion of injuries and plead ambiguous facts surrounding the derivative and direct negligence claims. *Id.* at 11. Due to these deficiencies, including those relating to the proper duty of care and Plaintiff's alleged injuries, Defendants claim, an adequate response cannot be developed. *Id.* at 13–14. Plaintiff responds to these requests by simply concluding that he "ma[d]e[] clear in his [Amended] Complaint that the damages sought are due to the crash," and that no rule requires Plaintiff to list each injury with specificity. (Doc. 14 at 4). Defendants state in their Reply with the argument that Plaintiff should explain in greater detail "each challenged claim" as well as "specify the nature and extent of the injuries claimed." (Doc. 15 at 7).[3]

   A.  *Second Motion to Dismiss*[4]

---

3. As detailed below, the undersigned recommends that the Second Motion to Dismiss be granted. Because granting the Motion for MDS and any subsequent more definite statement would become inconsequential should Plaintiff's claims against Defendants be dismissed, the Court should first consider the Motion for MDS. *See Kimbrough v. Khan*, No. 2:20-CIV-82-Z-BR, 2019 U.S. Dist. LEXIS 239530, at *52, 2020 WL 10963979, at *21 (N.D. Tex. Apr. 8, 2020). The recommendation concerning the Second Motion to Dismiss, accordingly, should be adopted conditionally, after the Court either grants the Motion for MDS and Plaintiff later fails to produce a satisfactory definitive statement, or instead in a situation wherein the Court denies the Motion for MDS outright.
4. It is important to note that the derivative theories only concern the negligence of Defendant Bluefin, and not Defendant Pesina. (*See* Doc. 9 at 4–5). While separate negligence claims are asserted against Defendant Pesina, as well as a *respondeat superior* vicarious liability claim against Defendant Bluefin, the Second Motion to Dismiss only lodges attacks against the sufficiency of the derivative claims as pleaded, and *not* the direct negligence claim against Defendant Pesina or the vicarious liability claim against Defendant Bluefin. (*See generally* Doc. 10). Nevertheless, due to the multitude of theories of recovery asserted, the undersigned will address each, grouped as applicable.

Defendants argue that the Amended Complaint inadequately pleads facts supporting the elements of any the derivative theories of recovery asserted: negligent entrustment, negligent hiring, negligent retention, negligent training, and negligent supervision. (Doc. 10 at 10–11). Plaintiff responds with the admonition that the Amended Complaint gave Defendants "fair notice of what Plaintiff's claim[s] are and the grounds upon which the claims rest." (Doc. 14 at 3). Defendants' Reply again characterizes the Amended Complaint as "merely stringing together conclusions and reciting the elements of a claim." (Doc. 15 at 6).

### a.  Negligent Entrustment

Under Texas law, a claim poised under a negligent entrustment theory requires the plaintiff to demonstrate that: (1) the defendant entrusted the vehicle to a driver; (2) the driver was unlicensed, incompetent, or reckless; (3) at the time of the entrustment, the defendant "knew or should have known that [the driver] was an unlicensed, incompetent, or reckless driver"; (4) the driver was "negligent on the occasion in question"; and (5) the driver's negligence proximately caused the collision. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). A claim for negligent entrustment cannot stand if the defendant's negligence "did no more than furnish a condition which made the injury possible." *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 241 (Tex. 2010) (internal citation omitted).

The Amended Complaint asserts the following facts in support of the negligent entrustment claim:

> [T]he pickup driven by Defendant Pesina was leased by Defendant Bluefin. As the lessee of the vehicle, Defendant Bluefin controlled the pickup. Defendant Bluefin negligently entrusted the pickup to Defendant Pesina despite his driving history which they knew or should have known. Defendant Bluefin negligently entrusted the vehicle to an incompetent and/or reckless driver.

(Doc. 9 at 4). Defendants argue that the negligent entrustment claim should be dismissed because "Plaintiff fails to plead such facts" indicating that Defendant Bluefin knew or should have known of Defendant Pesina's poor driving record. (Doc. 10 at 7–8). Plaintiff responds by attacking the viability

of Defendants' reliance upon *Cavazos* and *Goldfarb*, from which Plaintiff seeks to distinguish. (Doc. 14 at 3–4). Defendants in their Reply again re-assert their objection as to the adequacy of many of Plaintiff's claims, which purportedly "fail[] to provide notice of a claim" since they lack "facts in support." (Doc. 15 at 4–5).

In this instance, the undersigned finds that Plaintiff's allegations of the negligent entrustment theory of recovery are insufficient.[5] The first element, owner's entrustment, is easily satisfied. Entrustment can only be pleaded by demonstrating that a defendant either owned or controlled the relevant automobile. *Redmond v. Clasen*, No. 01-20-00209-CV, 2021 Tex. App. LEXIS 9099, at *9, 2021 WL 5182879, at *4 (Tex. App.—Houston [1st Dist.] Nov. 9, 2021, no pet.) (mem. op.). Plaintiff asserts that the pickup operated by Defendant Pesina was "leased by Defendant Bluefin." (Doc. 9 at 4). Taking this factual assertion as true, it is clear that Defendant Bluefin's lessee status— which would provide it with the right to control the vehicle—would suffice to prove control over the vehicle. *See Moore v. Strike, LLC*, No. 04-16-00324-CV, 2017 Tex. App. LEXIS 157, at *26–*27, 2017 WL 96130, at *8 (Tex. App.—San Antonio [4th Dist.] Jan. 11, 2017, no pet.) (mem. op.). Thus, the first element is satisfied.

As to the second element concerning Defendant Pesina's alleged incompetence, Plaintiff has again not met his burden at the initial pleading stage. In Texas, a driver possessing a valid driver's license is presumed to be a competent driver. *Magee v. G & H Towing Co.*, 312 S.W.3d 807, 810–11 (Tex. App.—Houston [1st Dist.] 2009) (mem. op.), *rev'd on other grounds*, 347 S.W.3d 293 (Tex. 2011) (per curiam). Furthermore, even "evidence of a driver's youth or inexperience, without more, does not permit an inference that the driver lacked judgment or perception or was otherwise an incompetent driver." *Kilpatrick v. Vasquez*, No. 01-09-00731-CV, 2011 Tex. App. LEXIS 2422, at

---

5. Defendants seemingly only challenge the elements of negligent entrustment which concern Defendant Pesina's alleged incompetence as a driver and Defendant Bluefin's alleged knowledge of said incompetence. (Doc. 10 at 7– 8). In the interest of thoroughness, the undersigned will consider the sufficiency of the remaining elements as well.

*11, 2011 WL 1233468, at *4 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.) (mem. op.). Such evidence can take the form of "previous traffic violations, previous habits or intemperance," which are used as a basepoint "in efforts to establish incompetence or recklessness in negligent entrustment cases." *Revisore v. West*, 450 S.W.2d 361, 364 (Tex. Civ. App.—Houston [14th Dist.] 1970) (mem. op.). Plaintiff merely has stated that Defendant Pesina was incompetent because of his "driving history," which "[Defendant Bluefin] knew or should have known." (Doc. 9 at 4). This is insufficient. Nowhere in the Amended Complaint does Plaintiff claim that Defendant Pesina was unlicensed. Further, Plaintiff provides no factual allegations beyond the wholly conclusory "driving history"—which still lacks any negative qualifier to indicate incompetence—to support this element. Thus, Defendant Pesina can be presumed to have possessed a valid driver's license, and therefore, presumed to have been a competent driver. Because Plaintiff has alleged no facts indicating a prior history of poor driving habits or otherwise, the second element of the negligent entrustment claim is not adequately pleaded.

    As noted above with regards to the second element, Plaintiff has also failed to allege sufficient facts indicating that Defendant Bluefin was or should have been aware of any alleged incompetence on behalf of Defendant Pesina. Thus, the Amended Complaint lacks the factual background necessary to illustrate Defendant Bluefin's awareness of the presently dubious incompetency claim. Even if Defendant Bluefin would have discovered some errata in Defendant Pesina's driving record, under Texas state law, Defendant Bluefin did not "have an affirmative duty to investigate [his] background . . . when, as in this case, it is undisputed[] that the driver had a valid driver's license." *Kilpatrick*, 2011 Tex. App. LEXIS 2422, at *11, 2011 WL 1233468, at *4 (collecting cases). Therefore, Plaintiff has not met his burden as to the third element.

    Regarding the fourth element, the undersigned finds that, for the purposes of the negligent entrustment claim against Defendant Bluefin only, Plaintiff has sufficiently pleaded the necessary facts for Defendant Pesina's negligence. Specifically, Plaintiff claims that "Defendant Pesina

attempted to cross State Highway 302, failed to yield the right-of-way, and caused a crash with Plaintiff." (Doc. 9 at 2). Elsewhere, Plaintiff buttresses this claim by stating that Defendant Pesina engaged in negligence by:

    a. In failing to yield the right-of-way;
    b. In failing to keep a proper lookout;
    c. In failing to watch the road;
    c. In driving while inattentive;
    e. In failing to timely apply his brakes;
    f. In driving while distracted; and
    g. In driving a vehicle in a careless manner by driving into oncoming traffic.

(Doc. 9 at 2–3). Under Texas state law, the failure to yield the right-of-way while operating a motor vehicle does not implicate negligence *per se*. *Venegas v. Argueta*, No. 01-20-00285-CV, 2021 Tex. App. LEXIS 3238, at *7–*8, 2021 WL 1679543, at *3 (Tex. App.—Houston [1st Dist.] Apr. 29, 2021, no pet.) (mem. op.). However, a plaintiff can demonstrate negligence by asserting "specific acts of negligence on the part of the driver." *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 412 (Tex. App.—Houston [14th Dist.] 1989, writ denied). Here, Plaintiff alleges precisely this and provides additional details as to the inverse actions which Defendant Pesina should have taken as the operator of a motor vehicle. Plaintiff's assertion that Defendant Pesina "failed to yield the right-of-way," when coupled with the six other factual assertions of Defendant Pesina's negligence, is sufficient to demonstrate Defendant Pesina's own negligence. *See McWilliams v. Muse*, 157 Tex. 109, 111 (1957) (approving a finding that a driver "negligently failed to yield the right-of-way and that such negligence was a proximate cause of the [resulting] collision"). Thus, without evaluating the independent negligence claim against Defendant Pesina, from a deferential perspective satisfactory for evaluating a Federal Rule 12(b)(6) motion, the undersigned finds these factual allegations, taken as true, to fulfill the negligence element of the negligent entrustment claim asserted against Defendant Bluefin.

       Lastly, the undersigned holds that Plaintiff has not propounded sufficient facts indicating that Defendant Bluefin's conduct proximately caused the collision in question. In perhaps the worst

display of conclusory advancement yet, Plaintiff in this regard has only stated that, since "Defendant Bluefin negligently entrusted the vehicle to an incompetent and/or reckless driver," Defendant Pesina's negligence "caused a crash with Plaintiff." (Doc. 9 at 2). To demonstrate proximate cause in a negligent entrustment case, a plaintiff must show that "the entrustor should reasonably have anticipated than an injury would result as a natural and probable consequence of its entrustment." *Green v. Fiesta Capital Corp.*, No. 04-95-00390-CV, 1996 Tex. App. LEXIS 1600, at *5, 1996 WL 195408, at *2 (Tex. App.—San Antonio [4th Dist.] Apr. 24, 1996, no pet.) (mem. op.) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)).

Here, as indicated above, Plaintiff has not provided any facts indicating Defendant Bluefin was or should have been aware of any danger presented by Defendant Pesina, whether it be his "driving history" or otherwise. (Doc. 9 at 2). The presumption accordingly is that Defendant Pesina possessed a valid driver's license and was thus competent. This allegation without any details could not be perceived as the "natural and probable cause" of such actions. *Plug v. SXSW Holdings, Inc.*, No. 1:15-CV-322-LY, 2016 U.S. Dist. LEXIS 183077, at *14–*15, 2016 WL 8078327, at *5 (W.D. Tex. Sept. 20, 2016). Plaintiff has not stated any danger the employment of Defendant Pesina would present, let alone any facts illustrating that any extant risk made the entrustment negligent. *Magee v. G & H Towing Co.*, 388 S.W.3d 711, 717 (Tex. App.—Houston [1st Dist.] 2012) (mem. op.), *reh'g denied* (Aug. 21, 2012) ("The plaintiff must also prove that the risk that caused the entrustment . . . to be negligent caused the accident at issue."). Unable to detect any risk Defendant Pesina posed to Plaintiff based upon the available facts as asserted in the Amended Complaint, the undersigned concludes that Plaintiff has not met his burden of pleading proximate cause for his negligent entrustment claim.

In sum, Plaintiff has failed to supply such facts as would support the second, third, and fifth elements of his negligent entrustment claim against Defendant Bluefin. Therefore, Plaintiff's negligent entrustment claim as a whole is implausible on its face. Accordingly, the undersigned

**RECOMMENDS** that the Second Motion to Dismiss be **GRANTED** as to Plaintiff's negligent entrustment claim against Defendant Bluefin. (Doc. 10).

    *b. Negligent Hiring, Retention, Training, and Supervision*

  While it would appear that Texas Supreme Court has not certainly established separate causes of action for Plaintiff's derivative claims other than negligent entrustment, the Texas civil courts of appeal have addressed each individually. *See Brown v. McClure*, No. 01-19-00504-CV, 2021 Tex. App. LEXIS 10145, at *21 n.13, 2021 WL 6119990, at *8 n.13 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.) (mem. op.) ("[T]he Texas Supreme Court has not ruled definitively on the existence or elements of claims for negligent hiring, retention, supervision, or training.") (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010)).

  The Amended Complaint asserts the following facts in support of the negligent hiring, negligent retention, negligent training, and negligent supervision claims:

> Defendant Bluefin is responsible for the hiring, supervision, training, and retention of its employees to assure the proper execution of their duties, including driving.
>
> Defendant Bluefin had a duty of care to hire, supervise and train its employees to drive in a reasonable and safe manner.
>
> Defendant Bluefin breached its duty to exercise reasonable care and acted negligently and careless [*sic*] in hiring, supervising, training, and retaining Defendant Pesina for the duties which Defendant Bluefin could foresee and expect Defendant Pesina to perform in the course of his employment.
>
> Defendant Bluefin failed to properly train Defendant Pesina on safe driving and distracted driving.
>
> Defendant Bluefin failed properly supervise Defendant Pesina's driving activities.
>
> Defendant Bluefin failed to conduct the proper background checks and hired an unsafe driver.
>
> Defendant Bluefin negligently retained Defendant Pesina as an employee despite his unsafe actions and driving history.

(Doc. 9 at 4). Defendants attack Plaintiff's claims of negligent hiring and retention based upon Plaintiff's purported failure to state facts supporting the proposition that Defendant "Bluefin failed to

conduct a 'proper' background check, hired an 'unsafe driver,' and negligently retained him despite his 'unsafe actions.'' (Doc. 10 at 8). Specifically, Defendants argue that Plaintiff did not allege any aspect of Defendant Pesina's driving history, let alone that which would have been discovered had Defendant Bluefin conducted a "proper background check." *Id.* at 9. Furthermore, Defendants maintain that Plaintiff pleads no facts indicating Defendant Pesina's "unsafe actions" post-employment, after which the retention of Defendant Pesina would be negligent of Defendant Bluefin. *Id.* Plaintiff responds in much the same fashion as he did in defending his negligent entrustment claim—by distinguishing this action from the *Cavazos* and *Goldfarb* cases. (Doc. 14 at 3–4). Defendants insist in their Reply the same grounds for dismissal concerning Plaintiff's failure to propound any driving history or unsafe actions which would have made Defendant Pesina a dangerous driver, or one which Defendant Bluefin would have been negligent in retaining. (Doc. 15 at 5–6).

Defendants also attempt to excise the negligent training and negligent supervision claims due to the Amended Complaint omitting facts indicating Defendant Pesina "was an unlicensed driver" or otherwise unqualified to operate the vehicle in question. (Doc. 10 at 9–10). Defendants state that Plaintiff has a burden of demonstrating Defendant Pesina was unqualified or incompetent, since drivers are "*presumed* to be a competent driver . . . under Texas law absent circumstances showing otherwise." *Id.* at 10 (emphasis in original). According to Defendants, Plaintiff's assertions that Defendant Pesina was improperly trained or supervised are insufficient without accompanying allegations that Defendant Pesina is incompetent, has a prior poor driving record, or has any other need for "additional training or supervision in 'safe' or 'distracted' driving." *Id.* Plaintiff's counter, as with the other derivative claims, only relates to *Cavazos* and *Goldfarb*, and serves to merely state that Plaintiff's burden has been met. (Doc. 14 at 3–4).

*i. Negligent Hiring*

In this instance, the undersigned finds that Plaintiff's allegations of negligent hiring are inadequate.[6] As the Texas civil courts of appeal have framed it, a negligent hiring claim requires a plaintiff to allege that the employer was negligent because it "fail[ed] to investigate, screen, or supervise its hires" as it had a duty of care to do, and this failure "proximately caused the injuries" the plaintiff alleges. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010) (internal quotation marks and citations omitted); *Brown v. McClure*, No. 01-19-00504-CV, 2021 Tex. App. LEXIS 10145, at *21, 2021 WL 6119990, at *8 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.) (mem. op.). As with negligent entrustment, a negligent hiring claim should be dismissed if the defendant's purported negligence only "furnish[ed] a condition which made the injury possible." *TXI Transp.*, 306 S.W.3d at 241 (internal citation omitted). Specifically, a plaintiff must show that "anything found in a background check 'would cause a reasonable employer to not hire' the employee, or would be sufficient to put the employer 'on notice that hiring [the employee] would create a risk of harm to the public.'" *TXI Transp.*, 306 S.W.3d at 240 (quoting *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796–97 (Tex. 2006)) (alterations in original). Thus, Plaintiff was required to plead the facts which might indicate that hiring Defendant Pesina would be dangerous, and that Defendant Bluefin in so doing breached its duty of care to the public.

Similar to the negligent entrustment discussion above, Plaintiff's Amended Complaint includes few if any factual allegations which would illustrate that Defendant Pesina's driving history or other relevant background evinced danger or an elevated risk of harm to public were he to be placed behind the wheel of a tractor-trailer. *See Mejia-Rosa v. John Moore Servs.*, No. 01-18-00955-CV, 2019 Tex. App. LEXIS 6405, at *29 n.5, 2019 WL 3330972, at *11 n.5 (Tex. App—Houston [1st Dist.] July 25, 2019, no pet.) (mem. op.) ("Because authority addressing this element of

---

6. Defendants, as with negligent entrustment, appear to challenge only certain elements of Plaintiff's negligent hiring, retention, training, and supervision claims. (Doc. 10). In the interests of thoroughness, the undersigned will consider the sufficiency of every element for each claim.

negligent hiring claims is scant, courts have looked to negligent entrustment caselaw addressing incompetence and recklessness in evaluating whether a driver was unfit or incompetent."). Presumably, therefore, Defendant Pesina possessed a valid driver's license and was accordingly competent; Plaintiff has proposed no facts suggesting otherwise. Because Plaintiff has not indicated which red flags if any may have been present in Defendant Pesina's driving record, it cannot be said at this stage whether any fatal or concerning attributes of Defendant Pesina would have been discovered if Defendant Bluefin conducted a background check or additional screening, or whether this shrouded risk caused the collision. *See Magee v. G & H Towing Co.*, 388 S.W.3d 711, 717 (Tex. App.—Houston [1st Dist.] 2012) (mem. op.), *reh'g denied* (Aug. 21, 2012). Therefore, the Amended Complaint does not state a plausible claim for relief on Plaintiff's negligent hiring claim.

Accordingly, the undersigned **RECOMMENDS** that the Second Motion to Dismiss be **GRANTED** as to Plaintiff's negligent hiring claim against Defendant Bluefin. (Doc. 10).

### ii.  *Negligent Retention*

Additionally, the undersigned finds that Plaintiff has insufficiently alleged facts supporting a negligent retention claim. A claim raised under a negligent retention must include allegations that "the master" was negligent in "retaining in his employ an incompetent servant," where this servant is of such quality or condition that the "master knows or by the existence of reasonable care should have known was incompetent or unfit." *Porter v. Nemir*, 900 S.W.2d 376, (Tex. App.—Austin [3rd Dist.] 1995) (mem. op.), *reh'g denied* (July 12, 1995). Furthermore, the employer's hiring of the employee must have "create[d] an unreasonable risk of harm to others." *Davis-Lynch, Inc. v. Asgard Techs., LLC*, 472 S.W.3d 50, 63 (Tex. App.—Houston [14th Dist.] 2015) (mem. op.), *reh'g denied* (Aug. 27, 2015).

In this case, Plaintiff recites a conclusory plethora of the negligent retention elements. The only allegation that could conceivably be portrayed as factual is the statement that "Defendant Bluefin negligently retained Defendant Pesina as an employee despite his unsafe actions and driving

history." (Doc. 9 at 4). Yet, as with the various other iterations of the "unsafe actions and driving history" proxy, Plaintiff provides no supporting facts to substantiate his claim. Not only has Plaintiff failed to indicate that Defendant Pesina possessed an unsafe driving history, but Plaintiff also neglected to allege facts demonstrating that Defendant Bluefin "had some reason to know [Defendant Pesina] was unfit to drive trucks and still retained him as an employee." *Acuna v. Covenant Transp., Inc.*, No. SA-20-CV-01102-XR, 2020 U.S. Dist. LEXIS 189829, at *11, 2020 WL 6064419, at *4 (W.D. Tex. Oct. 13, 2020). Plaintiff has not indicated any causal nexus between Defendant Bluefin's alleged failure to discover and subsequently terminate Defendant Pesina, and any particular fact explaining how, Defendant knew or should have known of the danger Defendant Pesina's continued employment posed. *See King v. Jarrett*, No. 1:15-CV-491-LY, 2016 U.S. Dist. LEXIS 196578, at *17–*18, 2016 WL 11581949, at *5 (W.D. Tex. June 17, 2016). Thus, at this stage, the undersigned concludes that the negligent retention claims against Defendant Bluefin are facially implausible.

Accordingly, the undersigned **RECOMMENDS** that the Second Motion to Dismiss be **GRANTED** as to Plaintiff's negligent retention claim against Defendant Bluefin. (Doc. 10).

### iii. Negligent Training

The undersigned also holds that the Amended Complaint lacks sufficient facts to demonstrate Defendants may be liable under a negligent training theory. A cause of action for negligent training requires Plaintiff to allege that a "reasonably prudent employer would have provided training beyond that which was given," and that this failure to do so proximately caused Plaintiff's injuries. *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 842 (Tex. 2018) (internal quotation marks and citations omitted); *see also Douglas v. Hardy*, 600 S.W.3d 358, 367 (Tex. App.—Tyler [12th Dist.] 2019, no pet.) (mem. op.). In this case, Plaintiff has asserted no factual information regarding Defendant Bluefin's training process for tractor-trailer operators such as Defendant Pesina. Plaintiff merely presents allegations that "Defendant Bluefin failed to properly train Defendant Pesina on safe driving and distracted driving." (Doc. 9 at 4). Even though this assertion is coupled with Plaintiff's

equally specious claim that "Defendant Bluefin had a duty of care to . . . train its employees to drive in a reasonable and safe manner," Plaintiff finds himself in no better a position. (Doc. 9 at 4). Texas law necessitates that Plaintiff, to state a negligent training claim, must assert that Defendant Bluefin failed to provide Defendant Pesina such training as a reasonably prudent employer would provide. *See Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth [12th Dist.] 2008) (mem. op.). The Amended Complaint is entirely devoid of facts demonstrating any inadequate training policies Defendant Bluefin engaged in, "or what training should have been provided but was not." *Cavazos v. Bettis*, No. SA-20-CV-00761-XR, 2020 U.S. Dist. LEXIS 204163, at *8–*9, 2020 WL 6325728, at *3 (W.D. Tex. Aug. 25, 2020)[7]; (*see* Doc. 9). In effect, without a failure to train premised upon asserted facts, proximate cause does not exist. What the Amended Complaint does possess, rather, is an inadequate and facially implausible allegation of a negligent training claim.

Accordingly, the undersigned **RECOMMENDS** that the Second Motion to Dismiss be **GRANTED** as to Plaintiff's negligent training claim against Defendant Bluefin. (Doc. 10).

### iv.   Negligent Supervision

Lastly, the undersigned concludes that Plaintiff's factual allegations concerning negligent supervision are also severely lacking. For negligent supervision, Plaintiff must allege facts indicating

---

7. Plaintiff attempts to distinguish *Cavazos* from the instant action by claiming that Defendants' reliance on it is misplaced since "the *Cavazos* plaintiff provided absolutely no factual content for his claims." (Doc. 14 at 3). In an apparent subtextual acknowledgement of the futility of his argument, Plaintiff maintains that the court in *Cavazos* "did not dismiss the claims but instead allowed the plaintiff the opportunity to replead." *Id.* The undersigned recognizes that the *Cavazos* plaintiff alleged an indubitably and astonishingly more reductive set of derivative claims. *See Cavazos v. Bettis*, No. SA-20-CV-00761-XR, 2020 U.S. Dist. LEXIS 204163, at *6, 2020 WL 6325728, at *3 (W.D. Tex. Aug. 25, 2020) (the plaintiff's petition merely stating: "negligent hiring; negligent entrustment; and negligent training and safety implementation" with reportedly "no [accompanying] factual content"). However, the *Cavazos* court made no mention that such an embryonic framework would lie at the zenith of dismissal necessity, that even the most minute factual assertion to the deficient claims would bleed dry the heart of the movant's motion to dismiss. *See generally id.* Additionally, while it is true that the *Cavazos* court allowed the plaintiff leave to replead his claims, the court there did grant the movant's motion to dismiss contingent upon the plaintiff's failure to so plead. *Id.*, 2020 U.S. Dist. LEXIS 204163, at *10–*11, 2020 WL 6325728, at *4. Furthermore, even if in the spectral ether the *Cavazos* court did dismiss the plaintiff's claims outright, as will be detailed below, the undersigned recommends in a similar conditional fashion, primarily recommending that Defendants' Motion for MDS be granted in relevant part to allow Plaintiff to file a more definite statement to support his deficient derivative claims.

that "(1) the defendant owed him a legal duty to supervise its employees[;] (2) the employer breached the duty[;] and (3) the breach proximately caused the plaintiff's injuries." *Brown v. McClure*, No. 01-19-00504-CV, 2021 Tex. App. LEXIS 10145, at *21, 2021 WL 6119990, at *8 (Tex. App.—Houston [1st Dist.] Dec. 28, 2021, no pet.) (mem. op.). Thus, the employer's failure to supervise its employee must have caused the plaintiff's injuries. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 913 (Tex. App.—Fort Worth [2nd Dist.] 2008, no pet.) (mem. op.). Here, Plaintiff's only assertion which may be considered factual is that "Defendant Bluefin failed properly [*sic*] supervise Defendant Pesina's driving activities." (Doc. 9 at 4).

Assuming *arguendo* that Defendant Bluefin owed Plaintiff a legal duty to supervise Defendant Pesina, Plaintiff has in no instance even implied how much supervision is typical of Defendant Bluefin to provide but yet was not provided to Defendant Pesina, let alone whether Defendant Pesina as a prospective truck driver required any given degree of supervision. *See Acuna v. Covenant Transp., Inc.*, No. SA-20-CV-01102-XR, 2020 U.S. Dist. LEXIS 189829, at *11, 2020 WL 6064419, at *4 (W.D. Tex. Oct. 13, 2020); *see also Goldfarb v. Elite Serv. Recovery & Towing, LLC*, No. 6:17-CV-640-RWS-KNM, 2018 U.S. Dist. LEXIS 187402, at *7, 2018 WL 4677817, at *3 (E.D. Tex. Aug. 17, 2018), *report and recommendation adopted*, No. 6:17-CV-640-RWS-KNM, 2018 U.S. Dist. LEXIS 186211, 2018 WL 5766184 (E.D. Tex. Oct. 31, 2018).[8] Thus, without an alleged breach, there can be no proximate cause between the non-breach and plaintiff's purported injuries. These mere "labels and conclusions" do not provide a basis upon which the Court is able to

---

8. Like with *Cavazos*, Plaintiff enlists the art of distinction as a method of saving his derivative claims. (Doc. 14 at 3–4). Plaintiff claims that *Goldfarb* dealt with a case where "no facts were pleaded," and that unlike the petition in *Goldfarb*, Plaintiff's Amended Complaint produces "sufficient facts." *Id.*; *see also Goldfarb v. Elite Serv. Recovery & Towing, LLC*, No. 6:17-CV-640-RWS-KNM, 2018 U.S. Dist. LEXIS 187402, at *5–*6, 2018 WL 4677817, at *7 (E.D. Tex. Aug. 17, 2018), *report and recommendation adopted*, No. 6:17-CV-640-RWS-KNM, 2018 U.S. Dist. LEXIS 186211, 2018 WL 5766184 (E.D. Tex. Oct. 31, 2018). The undersigned observes that the *Goldfarb* derivative claims are facially more substantiated than those in *Cavazos*. *Id.* However, Plaintiff has not demonstrated that *Goldfarb*, the complaint in which had additional support beyond the *Cavazos* petition, represents the maximal scenario warranting leave to replead as an alternative to dismissing without leave the plaintiff's inadequately pleaded derivative claims, and the undersigned is not inclined to so find. Therefore, Plaintiff's argument again turns futile.

sustain Plaintiff's negligent supervision claim, rendering it implausible on its face. *Houston v. Gonzales*, No. 1:16-CV-986-LY, 2016 U.S. Dist. LEXIS 174619, at *19, 2016 WL 7335683, at *6 (W.D. Tex. Dec. 16, 2016), *report and recommendation adopted*, No. 1:16-CV-986-LY, 2017 U.S. Dist. LEXIS 184618 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Accordingly, the undersigned **RECOMMENDS** that the Second Motion to Dismiss be **GRANTED** as to Plaintiff's negligent supervision claim against Defendant Bluefin. (Doc. 10).

### c.   Conclusion

In conclusion, the undersigned holds that all of the derivative claims—negligent entrustment, negligent hiring, negligent retention, negligent training, and negligent supervision—asserted against Defendants have been inadequately pleaded.[9] Therefore, the derivative claims should be dismissed as implausible and for failure to state a claim upon which relief can be granted under Federal Rule 12(b)(6). Accordingly, the undersigned **RECOMMENDS** that Defendants' Second Motion to Dismiss be **GRANTED**. (Doc. 10).

### B.   Motion for MDS

Defendants alternatively move for an order requiring Plaintiff to replead "[t]o the extent the Court does not dismiss the challenged claims." (Doc. 10 at 11). As stated above, the undersigned recommends that all of Plaintiff's derivative claims against Defendant Bluefin be dismissed. However, the undersigned is of the opinion that, believing that "the relevant portions of [the Amended Complaint] are sufficiently 'vague or ambiguous' that Defendant cannot 'reasonably

---

9. Contrary to Plaintiff's assertion that Defendants are "ask[ing] Plaintiff to plead evidence that ordinarily is discovered" in discovery, the missing factual information described should have been included at the initial pleading in his Amended Complaint. (Doc. 14 at 2). If such facts as "Defendant Pesina has a history of incompetent driving" were only ordinarily produced during discovery, Plaintiff's barebones "driving history" assertion might be properly pleaded. However, this predicament would render Federal Rule of Civil *Procedure* 12(b)(6) less than even a mere license to engage in a fishing expedition, tantamount to transforming the term "procedure" into a trifling vestige of "pleading requirements." Plaintiff cannot be allowed to plead that "something insidious" has occurred, and entirely circumvent the preliminary lock of pleading requirements to access the treasure chest of discovery, only to potentially find derisory fool's gold. *Flagg v. Stryker Corp.*, 647 F. App'x 314, 318 (5th Cir. 2016) (deducing that the pleading requirements "were designed to avoid subjecting defendants to [the consequences of a plaintiff's] fishing expedition"). An observation further from reality, there could not be.

prepare a response' to the derivative claims," Plaintiff be granted an opportunity to provide the Court

with a more definite statement addressing the undersigned's concerns. *Balderrama v. Pride Indus.,*

*Inc.*, 963 F. Supp. 2d 646, 665 (W.D. Tex. 2013) (quoting FED. R. CIV. P. 12(e)).

### a. *Negligence and Derivative Claims Generally*

In the Motion for MDS, Defendants challenge four sections of the claims relating to both

Defendants. First, as to the direct negligence claim against Defendant Pesina, Defendants take issue

with Plaintiff's assertion that Defendant Pesina was negligent by "driving a vehicle in a careless

manner." (Doc. 10 at 12). Second, and again relating to the general negligence claim against

Defendant Pesina, Defendants complain that the assertion that Defendant Pesina's "acts or omissions

. . . singularly or in combination with others" is unclear because Plaintiff "fail[ed] to list the

'others.'" *Id.* at 12. Next, Defendants argue that Plaintiff's claims lack "facts in support of his

[derivative theory] claims" asserted against Defendant Bluefin. *Id.* at 11. In correlation with this,

Defendants maintain that "Plaintiff also misstates applicable legal standards/duties claiming, for

example, that Defendant Bluefin had a duty to 'assure' the proper execution of its duties, including

driving," suggesting instead that the appropriate standard "is one of ordinary care." *Id.* at 12. Lastly,

Defendants insist that facts "describing or supporting the damages" and personal injuries are absent

from the Amended Complaint, and should therefore be more definitely pleaded. *Id.* Plaintiff's

responds by countering the applicability of *Davis* to the current action as proposed by Defendants,

and re-assures the Court that the Amended Complaint "makes clear . . . that the damages sought are

due to the crash." (Doc. 14 at 4). Furthermore, Plaintiff states that he is "not aware of any rule

requiring Plaintiff to list with specificity each of the injuries he sustained." *Id.* Defendants in replying

observe that "Plaintiff fails to explain why he cannot briefly describe his injuries." (Doc. 15 at 6).

Addressing Defendants' arguments in order, the undersigned first finds that Plaintiff's

assertion that Defendant Pesina was "driving a vehicle in a careless manner" is not too vague or

ambiguous to preclude a reasonable response. (Doc. 9 at 3). Defendants characterize the assertion as

supporting the negligence claim against Defendant Pesina, admitting that the statement is "tantamount to a general claim of negligence." (Doc. 10 at 12). Plaintiff's assertion, by the structure of the Amended Complaint, does indeed relate to the general negligence claim against Defendant Pesina, which begs the question as to the precise objection Defendants are propounding here. (Doc. 9 at 2–3 (quoted assertion falling under a section entitled "Count I: Negligence")). Additionally, to the extent that the challenged assertion is "nonspecific," as Defendants claim, an examination of the entire assertion as presented reveals some manifest insight. Plaintiff's entire assertion is that Defendant Pesina was negligent "[i]n driving a vehicle in a careless manner *by driving into oncoming traffic*." *Id.* at 3 (emphasis added). Thus, when read holistically as opposed to piecemeal, it is clear that Plaintiff's "careless" driving argument relates to Defendant Pesina's alleged driving the wrong way on the motorway. Whether Defendant Pesina could reasonably respond to this is obvious: he indubitably can, for example by, if such would not be a dishonest denial, stating that Defendant Pesina during the timeframe in question did not drive along the inverse direction of the motorway. Therefore, the undersigned concludes that the careless driving factual assertion is not so vague or ambiguous as to require a more definite statement. Accordingly, the undersigned

**RECOMMENDS** that Defendants' Motion for MDS be **DENIED** as to the statement that Defendant Pesina was negligent by "driving a vehicle in a careless manner." (Doc. 10).

As to the other purportedly problematic statement concerning Defendant Pesina's alleged negligence, the undersigned holds that the assertion that Defendant Pesina's "acts of omissions, singularly or in combination with others," is too vague to allow Defendant Pesina to reasonably formulate a response. (Doc. 9 at 3). The Amended Complaint lists seven acts or omissions allegedly committed by Defendant Pesina which, if assumed to be true, would suggest a breach of a duty of care owed to other drivers on the motorway. *Id.* at 2–3; *Mata v. Coastal Agric. Supply, Inc.*, No. 01-17-00509-CV, 2018 Tex. App. LEXIS 4820, at *18–*19, 2018 WL 3150869, at *6 (Tex. App.—

Houston [1st Dist.] June 28, 2018, no pet.) (mem. op.). Defendant Pesina accordingly would be able to respond regarding these seven supplied factual bases; for example, Defendant Pesina either failed to yield the right-of-way, or Defendant Pesina indeed did yield the right-of-way and yet a collision still occurred. However, Defendant Pesina could not realistically possibly respond with a counterfactual based upon the limitless "others" descriptor. Expecting Defendant Pesina to possess the innate extrasensory capabilities required to navigate Plaintiff's wholly nebulous assertion that is the term "others" would be incredulity beyond belief. If there are indeed other acts of or omissions by Defendant Pesina which Plaintiff would contend constitute negligence, Plaintiff should assert them as he has demonstrated he has the wherewithal to do in the seven-item list. Therefore, the undersigned finds Plaintiff's assertion of "others" in his negligence claim against Defendant Pesina to be sufficiently vague to hinder a reasonable opportunity to respond to it. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for MDS be **GRANTED** as to the claim that Defendant Pesina was negligent in committing acts or omissions "singularly or in combination with others." (Doc. 10).

Regarding the derivative claims as a whole, the undersigned is of the opinion that each of the derivative claims as pleaded in the Amended Complaint is "so vague or ambiguous" that Defendant "cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *see also Pardee v. Moses*, 605 F.2d 865, 866 n.2 (5th Cir. 1979). For recapitulation, the undersigned recommends above that the Court grant the Second Motion to Dismiss as to Plaintiff's derivative claims: negligent entrustment, negligent hiring, negligent retention, negligent training, and negligent supervision. Without needlessly reciting the elements of each cause of action, the undersigned will summarize each claim's deficiencies as described above.

Plaintiff's negligent entrustment derivative claim requires but does not include facts to rebut the presumption that Defendant Pesina was a competent driver, or that Defendant Bluefin was or

should have been aware of any such incompetence. Second, Plaintiff's claim for negligent hiring misses its mark by failing to allege facts concerning Defendant Pesina's purported dangerous history, and subsequently Defendant Bluefin's knowledge of said background. Next, Plaintiff's negligent retention cause of action lacks assertions that Defendant Pesina had previously engaged in unsafe actions, as well as Defendant Bluefin's awareness of those actions. The negligent training claim is also devoid of any facts detailing Defendant Bluefin's training process, let alone the training that was provided or was not but should have been provided to Defendant Pesina. Lastly, Plaintiff's negligent supervision theory fails on its face because of the sheer absence of assertions concerning Defendant Bluefin's purported supervision activities or how much supervision would have been reasonably necessary to provide Defendant Pesina.

Given these deficiencies, Defendant Bluefin is hard-pressed to discern those facts to which Plaintiff is referring and connecting his causes of actions. Plaintiff has provided no factual underpinnings to buttress the relevant portions of its individual derivative claims against Defendant Bluefin. *Diaz v. Kettley Trucking, Inc.*, No. 1:20-CV-51, 2020 U.S. Dist. LEXIS 60218, at *5, 2020 WL 1666166, at *2 (E.D. Tex. Apr. 2, 2020). If Defendant Bluefin does not have any factual allegations before it upon which it can receive notice of the potential veracity of Plaintiff's derivative claims, it cannot provide counterfactuals or otherwise respond in any meaningful manner. In that same vein, Defendant Bluefin certainly finds difficulty in formulating a possible plan of discovery to clarify and narrow the claims as such. *See Barbour v. City of Forney*, No. 3:15-cv-90-B, 2015 U.S. Dist. LEXIS 175137, at *8–*9, 2015 WL 9906178, at *3 (N.D. Tex. Dec. 9, 2015), *report and recommendation adopted*, No. 3:15-cv-90-B, 2016 U.S. Dist. LEXIS 7374, 2016 WL 279096 (N.D. Tex. Jan. 21, 2016). In most instances, Plaintiff has only described the "who," when the "what, when, where, why, and how" are also required. *See Arceneaux v. Blanchard Contrs.*, No: 13-4841, 2013 U.S. Dist. LEXIS 134825, at *6–*7, 2013 WL 5329898, at *2 (E.D. La. Sept. 20, 2013). The undersigned concludes that the Amended Complaint in its current condition exudes such ambiguity

and is bereft of sufficient information upon which Defendant Bluefin can file an appropriate responsive pleading. *See Balderrama v. Pride Indus., Inc.*, 963 F. Supp. 2d 646, 669 (W.D. Tex. 2013). Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for MDS be **GRANTED** as to Plaintiff's factually deficient allegations supporting each derivative claim. (Doc. 10).

Lastly, the undersigned finds that the Motion for MDS is an improper vehicle for the objection Defendants make as to Plaintiff's purported "misstate[ment] of the "applicable legal standards/duties." (Doc. 10 at 12). For non-factual assertions in a negligence claim, Plaintiff only needs to state that Defendant Bluefin owed Plaintiff a duty, which they thereafter violated. *See Majestic Offshore, LLC v. In-Depth Offshore Techs. Int'l, Inc.*, No. 10-384-JJB-DLD, 2010 U.S. Dist. LEXIS 104733, at *5–*9, 2010 WL 3895722, at *2–*4 (M.D. La. Sept. 29, 2010); *see also Estate of Newton v. Grandstaff*, No. 3:10-CV-0809-L, 2010 U.S. Dist. LEXIS 117575, at *7–*9, 2010 WL 4628055, at *3 (N.D. Tex. Nov. 3, 2010). The duty of care, as a question of law for the Court, requires only an assertion of the applicable legal standard. *Estate of Newton*, 2010 U.S. Dist. EXIS 117575, at *7–*9, 2010 WL 4628055, at *3; *but see Martinez v. JP Morgan Chase Bank, N.A.*, No. SA-10-CA-521-FB, 2011 U.S. Dist. LEXIS 169489, at *11–*12, 2011 WL 13324123, at *4–*5 (W.D. Tex. Feb. 9, 2011), *report and recommendation adopted*, No. SA-10-CA-521-FB, 2011 U.S. Dist. LEXS 169494, 2011 WL 13324341 (W.D. Tex. Mar. 9, 2011) (requiring a more definite statement after plaintiffs merely "allege[d] that defendants owed them a duty of care," but "d[id] not indicate what standard of care applies to defendant's conduct which would result in defendant's liability").

Here, Plaintiff has asserted that Defendant Bluefin owed Plaintiff several duties, concerning for example a duty to supervise Defendant Pesina, as well as a duty to train Defendant Pesina "to drive in a reasonable and safe manner." (Doc. 9 at 4). Short of a claim by Defendants that the instant

lawsuit is presumptively barred,[10] this is a sufficient allegation at this stage of the litigation. *See Chapa v. Chase Home Fin. LLC*, No. C-10-359, 2010 U.S. Dist. LEXIS 132603, at *28–*29, 2010 WL 5186785, at *9 (S.D. Tex. Dec. 15, 2010) (granting a motion for more definite statement where a plaintiff "d[id] not indicate what standard of care applied to [the defendant]'s conduct"). In other words, if Plaintiff's proposed legal duties as asserted are incorrect, the appropriate course of action is, since it is not immediately clear here that either party's formulation of any duties is correct, to perform discovery to determine the correct standard of care, if any, which applies to Defendants' conduct. *See Bonin v. Sabine River Auth. of Tex.*, No. 1:17-CV-00134-TH, 2019 U.S. Dist. LEXIS 44804, at *17, 2019 WL 1246259, at *6 (E.D. Tex. Mar. 1, 2019), *report and recommendation adopted*, No. 1:17-CV-00134-TH, 2019 U.S. Dist. LEXIS 43488, 2019 WL 1244705 (E.D. Tex. Mar. 18, 2019); *see also Yanez v. WWGAF, Inc.*, No. SA-19-CV-01065-DAE, 2019 U.S. Dist. LEXIS 197450, at *4–*5 (W.D. Tex. Nov. 13, 2019). After this determination is made and at the appropriate time, Defendants can *inter alia* file a motion for summary judgment urging this same argument. Therefore, the undersigned concludes that presenting this argument at this nascent stage of litigation is premature, and improper for the Motion for MDS. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for MDS be **DENIED** as to the applicable standard of care. (Doc. 10).

In conclusion, the undersigned **RECOMMENDS** that the Motion for MDS be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 10). Specifically, the undersigned **RECOMMENDS** that the Motion for MDS be **GRANTED** as to the following challenges: (1) Plaintiff's claim that Defendant Pesina committed negligence by engaging in acts or omissions "singularly or in combination with others"; and (2) Plaintiff's factually deficient allegations supporting each

---

10. *Kimbrough v. Khan*, No. 2:20-CIV-82-Z-BR, 2019 U.S. Dist. LEXIS 239530, at *27, 2019 U.S. Dist. LEXIS 239530, at *11 (N.D. Tex. Apr. 8, 2020) (noting several affirmative defenses which "render a plaintiff's claim 'implausible' under [Federal Rule 12(b)(6)"). Defendants do not assert such defense in their Federal Rule 12(b)(6) motion to dismiss. (*See* Doc. 10).

derivative claim. (Doc. 10). Further, the undersigned **RECOMMENDS** that the Motion for MDS be **DENIED** as to the following challenges: (1) Plaintiff's assertion that Defendant Pesina was negligent due to his "driving a vehicle in a careless manner"; and (2) Plaintiff's statement of the legal standards and duties applicable to Defendant Bluefin's alleged conduct. (Doc. 10). A discussion of Plaintiff's generalized assertion of physical injuries resulting from the collision will follow.

> b. *Injuries and Damages*

In addition to the aforementioned deficiencies, Defendants request that the Court order Plaintiff to replead his assertions of damages and injuries. Specifically, Defendants challenge Plaintiff's claim that he suffered "damages and personal injuries" without specifying the "types of injuries sustained (i.e.[,] injured shoulder, arm, leg, head, etc.)." (Doc. 10 at 11-12). Plaintiff's Amended Complaint asserts the following damages and physical and mental injuries for which he seeks recovery:

> a. Physical pain sustained in the past;
> b. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;
> c. Mental anguish sustained in the past;
> d. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;
> e. Physical impairment sustained in the past;
> f. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;
> g. Loss of wage earning capacity in the past;
> h. Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;
> i. Medical care expenses sustained in the past;
> j. Medical care expenses that, in reasonable probability, Plaintiff will require in the future;
> k. Disfigurement sustained in the past; and
> l. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future.

(Doc. 9 at 5). Plaintiff responds to Defendants' cries by simply concluding that he "ma[d]e[] clear in his [Amended] Complaint that the damages sought are due to the crash," and that he is not aware of a rule requiring Plaintiff to list each injury with specificity. (Doc. 14 at 4). Defendants in their Reply definitively narrow the Motion for MDS arguments to a challenge only against Plaintiff's physical injuries. (Doc. 15 at 7 (suggesting that "Plaintiff should plead which body parts were impacted")).

As to the pleading propriety of a plaintiff's injuries, the same standard for a motion made pursuant to Federal Rule 12(e) applies: a plaintiff should "briefly explain . . . how [the defendant's] alleged wrongdoings led to [the p]laintiff's injuries, and the extent of the injuries resulting from" the purported source of the injuries. *Arceneaux v. Blanchard*, No: 13-4841, 2013 U.S. Dist. LEXIS 134825, at *6–*7, 2013 WL 5329898, at *2 (E.D. La. Sept. 20, 2013) (original alteration omitted). Thus, Plaintiff indeed "must fully specify what injuries she suffers that she believes are the result" of Defendants' purportedly negligent conduct. *Watson v. Olin Corp.*, No. 16-0235, 2016 U.S. Dist. LEXIS 169279, at *11, 2016 WL 7165988, at *4 (W.D. La. Dec. 7, 2016).

In this case, the undersigned holds that the injuries asserted are so vague and ambiguous that re-pleading will be necessary for Defendants to properly respond. Plaintiff presents a laundry list of physical injuries, including "physical pain," "physical impairment," and "disfigurement." (Doc. 9 at 5). These vague assertions of pain importantly lack any allegation of the specific injury sustained, such as a back, leg, head, arm injury. *See Collier v. Shell Offshore, Inc.*, No. 14-2090, 2014 U.S. Dist. LEXIS 168012, at *6, 2014 WL 6957865, at *2–*3 (E.D. La. Dec. 3, 2014). While it is certainly true that Plaintiff's complaints need not include thoroughly detailed factual allegations, such facts as the general anatomical location of each injury as well as the relative severity of each injury would have been ascertainable by Plaintiff's counsel at the time the Original Complaint. *See Davis v. Koppers Indus.*, No. A-05-CA-464-SS, 2006 U.S. Dist. LEXIS 100900, at *14, 2006 WL 8432050, at *2–*3 (W.D. Tex. Oct. 10, 2006) (requiring further specificity where "Plaintiffs have alleged at least five broad categories of injury"). Plaintiff's Amended Complaint thus could have corrected any such pleading deficiency the Original Complaint possessed. Defendants are still unable to reasonably prepare a response concerning Plaintiff's physical injuries due to the barren nature of the injuries asserted.

Without any clarification, Defendant will be subjected to the arduous task of "respond[ing] to every possible physical symptom under the sun." *Watson*, 2016 U.S. Dist. LEXIS 169279, at *11,

2016 WL 7165988, at *4; *Chachere v. Hous. Police Dep't*, No. H-05-3187, 2006 U.S. Dist. LEXIS 84631, at *19–*20, 2006 WL 3391443, at *7 (S.D. Tex. Nov. 21, 2006) (denying a plaintiff's recovery after the plaintiff failed to "state the nature and extent of any physical injury . . . suffered" following a court's order for a more definite statement). Thus, the Amended Complaint "does not give Defendants adequate notice of the injuries that he allegedly sustained."[11] *Arceneaux v. Blanchard Contrs.*, No: 13-4841, 2013 U.S. Dist. LEXIS 134825, at *6–*7, 2013 WL 5329898, at *2 (E.D. La. Sept. 20, 2013). Plaintiff should therefore be required to provide the Court with a more definite statement describing the physical injuries suffered. *See Ellis v. Goodheart Specialty Meats*, No. SA-21-CV-01189-XR, 2021 U.S. Dist. LEXIS 232592, at *7, 2021 WL 5771871, at *3 (W.D. Tex. Dec. 6, 2021), *report and recommendation adopted*, No. SA-21-CV-01189-XR, 2022 U.S. Dist. LEXIS 22036, 2022 WL 378841 (W.D. Tex. Feb. 7, 2022) (mandating the plaintiff to exclaim such physical injuries as a "broken leg"). Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for MDS be **GRANTED** as to Plaintiff's injuries. (Doc. 10).

      *c.   Conclusion*

      Several of Plaintiff's assertions and claims are too vague and ambiguous as currently pleaded. The undersigned finds that, the direct negligence claim against Defendant Pesina, the derivative claims against Defendant Bluefin, and the assertion of physical injuries are sufficiently ambiguous to warrant a more definite statement if Defendants are to appropriately respond to the claims. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion for MDS be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the undersigned **RECOMMENDS** that the Court order Plaintiff to file, within **fourteen (14) days** of the entry of an order granting in

---

11. Furthermore, as with Plaintiff's ambiguous derivative claims, Defendants certainly would face tremendous difficulty in refining their discovery plan given the absolute cosmic nature of Plaintiff's physical injuries. It is not the duty of Defendants to discern from the ether which parts of Plaintiff's body were affected by the collision, nor is it the function of discovery to, for the first time, uncover those allegedly debilitated areas for which Plaintiff seeks compensation.

part and denying in part the Motion for MDS, a more definite statement adequately addressing the deficiencies described above: "singularly or in combination with others" for the negligence claim against Defendant Pesina, the derivative claims against Defendant Bluefin, and the physical injuries Plaintiff purportedly suffered. (Doc. 10). The undersigned further **RECOMMENDS** that Defendants' request for a more definite statement as to Plaintiff's assertion that Defendant was "driving in a vehicle in a careless manner" and Plaintiff's articulation of the legal duties applicable to his derivative claims be **DENIED**. (Doc. 10).

## IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' Motion for MDS be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 10). Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' Motion for MDS and order Plaintiff to file, within **fourteen (14) days** of the entry of an order on this Report and Recommendation, a more definite statement adequately addressing the deficiencies described above for the following assertions: (1) "singularly or in combination with others" for the negligence claim against Defendant Pesina; (2) the derivative claims against Defendant Bluefin; and (3) the physical injuries Plaintiff purportedly suffered. (Doc. 10). The undersigned further **RECOMMENDS** that the Court **DENY** Defendants' Motion for MDS as to Plaintiff's assertion that (1) Defendant was "driving in a vehicle in a careless manner"; and (2) Plaintiff's articulation of the legal duties and standards of care applicable to his derivative claims. (Doc. 10).

Further, the undersigned **RECOMMENDS** that, should the Court order Plaintiff to file a more definite statement within **fourteen (14) days** of the entry of an order on this Report and Recommendation, and should Plaintiff fail to comply with the Court order, Defendants' Second Motion to Dismiss be **GRANTED**. (Doc. 10).

Lastly, the undersigned **RECOMMENDS** that, should the Court not decide to grant the Motion for MDS and order Plaintiff to file a more definite statement, Defendants' Second Motion to Dismiss be **GRANTED** outright. (Doc. 10).

SIGNED this 22nd day of March, 2022.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).